**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE G. JIMENEZ, CAMILA PINTO,
DANIEL PAZ, CRISTIANE DE MATTOS,
LUZ ALVAREZ, LUIZ NETO, HELMER
MOSQUERA, WILSON MASSO, JESUS
VICTORERO, CARLOS CASTRO,
DALIZIO BARROS,

                **Plaintiffs,**

-vs-                                                Case No.  6:06-cv-1231-Orl-28JGG

LCM INVESTMENT GROUP, INC.,
DELTA DRIVERS SERVICE, INC., LUIS
CAAMANO,

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on Attorneys' for Plaintiffs Motion to Withdraw as Counsel [Docket No. 27] and the Court's order to show cause for failure to prosecute [Docket No. 28].

      Plaintiff Carlos Castro has failed to: 1.) comply with Court's order to file answers to the Court's Interrogatories; 2.) respond to his counsel's attempts to contact him; and 3.) appear for the hearing on the order to show cause on February 14, 2007.  In addition, it appears that Castro currently resides in Colombia, and does not intend to return to the United States.

**I.     THE LAW**

    **A.     Sanctions**

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16(f) provides:

> If a party or party's attorney fails to obey **a scheduling or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16 (bold emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

> (B)     An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C)     An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D)     In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16 (f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The

sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See id.*

### B. Failure to Prosecute

When a case is not "diligently prosecuted," the court may enter an order to show cause why the case should not be dismissed. Local Rule 3.10(a). the court may then dismiss the case in the Plaintiff does not show "satisfactory cause" in response to the order to show cause. *Id.*

### C. Leave to Withdraw as Counsel

The Local Rules govern procedure for withdrawing as counsel. Local Rule 2.03 states that an attorney may not withdraw after making a general appearance in a case, except by written leave of the Court after giving ten days notice to the client and opposing counsel. Local Rule 2.03(b).

## II. APPLICATION

On August 16, 2006, several plaintiffs, including Carlos Castro, filed a complaint alleging Defendants LCM Investment Group, Inc., Delta Drivers Service, and Luis Caamano failed to pay them overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Docket No. 1; *see also* Docket No. 24 (amended complaint). On October 16, 2006, the district court entered a Scheduling Order which required each Plaintiff to answer the Court's Interrogatories within fifteen days from the date of the order. Docket No. 13 at 1, ¶ 1.

Almost three months later, counsel for Castro filed an unopposed motion to withdraw as attorney (now before the Court). Docket No. 27. In the motion, counsel explain that he has not been able to contact Castro by telephone or mail for several months. Counsel sent mail to Castro's address, but it was returned as undeliverable. Counsel also called Castro numerous times, but Castro's telephone number was no longer valid. *Id.* at 1-2. Therefore, counsel was unable to comply with the

Scheduling Order and file Castro's answers to the Court's Interrogatories. *Id.* at 2. In support of the motion, counsel also submitted a letter dated December 14, 2006 in which counsel informs Castro that he intends to withdraw from his case. Docket No. 27-2.

On January 22, 2007, the undersigned ordered Castro to show cause in person why the case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10. The Court further stated: "Castro must appear in person. **Failure to appear may result in the striking of pleadings and dismissal of his case**." Docket No. 28 at 1 (bold emphasis in original). On February 13, 2007, the Court granted counsel leave to appear by telephone, but reiterated that Castro "however, must appear in person." Docket No. 32.

On February 14, 2007, counsel Defendant appeared before the undersigned for the show cause hearing, and Plaintiffs' counsel appeared by telephone. Castro did not appear.

Castro has failed to comply with numerous court orders. His answers to the Court's Interrogatories are almost three months past due. He failed to appear for the show cause hearing, despite the Court's warning that failure to appear would result in dismissal of his case. He did not give his own counsel his new address or telephone number, and he has not responded to counsel's attempts to contact him. Finally, Castro currently resides in Colombia, and apparently does not intend to return to the United States. *See* Docket No. 27 at 2, ¶ 6. Castro has shown no interest in prosecuting this case.

Accordingly, it is

**RECOMMENDED** that Attorneys' for Plaintiffs Motion to Withdraw [Docket No. 27] be **GRANTED**. It is

**FURTHER RECOMMENDED** that the case be **DISMISSED** as to Plaintiff Carlos Castro.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 15, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy