**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE G. JIMENEZ, CAMILA PINTO,**
**DANIEL PAZ, CRISTIANE DE MATTOS,**
**LUZ ALVAREZ, LUIZ NETO, HELMER**
**MOSQUERA, WILSON MASSO, JESUS**
**VICTORERO, DALIZIO BARROS,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1231-Orl-28UAM**

**LCM INVESTMENT GROUP, INC., DELTA**
**DRIVERS SERVICE, INC., LUIS**
**CAAMANO,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 65)**
>
> **FILED:** November 15, 2007
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs and Defendants jointly move the Court to approve their settlement of Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA").

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and

reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. The Court finds the proposed settlement of payment to Plaintiffs totaling $39,303.00, and payment of $27,497.00 to Plaintiffs' counsel in exchange for Plaintiffs' release of claims and dismissal of the action with prejudice to be fair and reasonable.[1]

Counsel request in the motion that the Court retain jurisdiction for 120 days to allow Defendants to make full payment. Doc. No. 65 at 3. The settlement agreement also contains a provision that the agreement may be enforced "by any court having jurisdiction." Doc. 65-2 at ¶ 17. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. As the parties agree that any breach of the agreement is to be determined by applicable Florida law, and because breach of the agreement would not involve any federal claim, the Court should not retain jurisdiction to enforce the settlement agreement.

**IT IS RECOMMENDED THAT**:

1. The Court grant the motion to approve the settlement only to the extent that it is a fair and reasonable resolution of a bona fide dispute; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this

---

[1] Settlement: On or before December 5, 2007, Defendants shall pay $3,850.00 unpaid wages and interest to Jose Jimenez; $4,897.00 to Camila Pinto; $2,750.00 to Daniel Paz; $2,750.00 to Cristiane De Mattos; $3,003.00 to Luz Alvarez; $9,240.00 to Luiz Netto; $1,210.00 to Helmer Mosquera; $4,235.00 to Wilson Masso; $3,075.00 to Jesus Victorero; $1,650.00 to Dalizio Barros; and $2,643.00 to Luz Otero. Two payments of $13,748.50 shall me made to the Pantas Law Firm, P.A. on or before January 5 and February 5, 2008, respectively.

report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

      Recommended in Orlando, Florida on November 27, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon, II